UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA BUCHANAN | CIVIL ACTION |
| VERSUS | NUMBER: 3:16-CV-0041-SDD-EWD |
| F. KING ALEXANDER, DAMON ANDREW, A.G. MONACO AND GASTON REINOSO | |

### AFFIRMATIVE DEFENSES AND ANSWER

NOW INTO COURT, through undersigned counsel, comes F. KING ALEXANDER, individually and in his official capacity as Chancellor of Louisiana State University ("LSU"); DAMON ANDREW, individually and in his official capacity as Dean of the College of Human Sciences and Education for LSU; A.G. MONACO, individually and in his official capacity as Associate Vice Chancellor of the Office of Human Resource Management for LSU; and GASTON REINOSO, individually and in his capacity as Director of the Office of Human Resource Management and Executive Director of Equal Employment Opportunities at LSU (collectively "Defendants") who assert the following affirmative defenses in response to the Complaint of Teresa Buchanan ("Plaintiff"):

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against any of the defendants in their official or individual capacities.

### SECOND AFFIRMATIVE DEFENSE

Each of the Defendants is entitled to immunity under the Eleventh Amendment of the United States Constitution for the claims against them in their official capacities. Eleventh

Amendment immunity also applies to state officials and employees insofar as they are sued in their official capacities for monetary damages.

### THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity as to each of the plaintiff's claims under 42 U.S.C. § 1983 because the conduct alleged by the Plaintiff did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing for declaratory or prospective injunctive relief under Counts III and IV of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Each of the Defendants acted reasonably and in good faith under the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

Defendants submit that if the Plaintiff has suffered any alleged injury, such alleged injury, loss or damage is not the result of the allegations in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants submit that the Plaintiff has failed to mitigate any alleged injury, loss or damage.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's conduct in violation of applicable policies constitutes an assumption of risk of disciplinary action including termination.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's conduct or violation of policy constitutes negligence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was adequately warned of potential for adverse employment action through duly-implemented policies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's actions were contrary to established policies, federal law and public policy.

AND NOW, in answer to Plaintiff's Complaint for Injunctive and Declaratory Relief and Damages, Defendants respectfully represent:

## ANSWER

1.

Defendants deny the allegations in Paragraph 1 except to admit, Teresa Buchanan, was terminated by LSU in June of 2015.

2.

Defendants deny the allegations in Paragraph 2.

3.

Defendants deny the allegations in Paragraph 3.

4.

The allegations in paragraph 4 do not require an answer from Defendants; however, to the extent an answer is required, Defendants deny the allegations in paragraph 4.

5.

Defendants do not dispute that this Court has original jurisdiction over federal claims arising under 28 U.S.C. §§ 1983 and 1988.

6.

Defendants deny the allegations in paragraph 6.

7.

Defendants do not dispute venue is proper in the United States District Court for the Middle District of Louisianan and admit the events giving rise to the instant claim occurred within the Middle District of Louisiana.

8.

Defendants deny the allegations of in paragraph 8 for lack of sufficient information to justify a belief therein except Defendants admit Plaintiff was employed as a tenured associate professor at LSU in the School of Education until LSU terminated her employment in June 2015.

9.

Defendants deny the allegations in paragraph 9 except to admit that F. King Alexander is President and Chancellor of LSU.

10.

Defendants deny the allegations in paragraph 10 except to admit that Damon Andrew is Dean of the College of Human Sciences and Education for LSU.

11.

Defendants deny the allegations in paragraph 11 except to admit that A.G. Monaco is Associate Vice President of the Office of Human Resource Management for LSU.

12.

Defendants deny the allegations in paragraph 12 except to admit that Gaston Reinoso is the Director of the Office of Human Resource Management and Executive Director of Equal Protection for LSU.

13.

Defendants admit the allegations in paragraph 13.

14.

Defendants deny the allegations in paragraph 14 for lack of sufficient information to justify a belief therein.

15.

Defendants admit the allegations in paragraph 15.

16.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 16 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 16 as written except admits on December 20, 2013 he notified Plaintiff that she would not be teaching in the 2014 spring semester.

17.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 17 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 17 as written.

18.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 18 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 18 as written except admits by memorandum dated December 23, 2013 he informed LSU Executive Vice Chancellor and Provost Stuart Bell that he was rescinding his recommendation that Plaintiff be promoted to full professor.

19.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 19 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 19 as written except admits that his December 23, 2013 memorandum included the quoted language.

20.

Defendants Alexander, Monaco and Andrew deny the allegations in paragraph 20 for lack of sufficient information to justify a belief therein. Defendant Reinoso denies the allegations in paragraph 20 as written except admits he met with Plaintiff on January 15, 2014.

21.

Defendants deny the allegations in paragraph 21 for lack of sufficient information to justify a belief therein.

22.

Defendants Alexander, Monaco and Andrew deny the allegations in paragraph 20 for lack of sufficient information to justify a belief therein. Defendant Reinoso admits he sent a memorandum dated May 26, 2014 to Plaintiff which included the quoted language.

23.

Defendants admit the allegations in paragraph 23.

24.

Defendants admit the allegations in paragraph 24.

25.

Defendants admit the allegations in paragraph 25.

26.

Defendants deny the allegations in the first sentence of paragraph 26 for lack of sufficient information to justify a belief. Defendants deny the allegations in the second sentence of paragraph 26.

27.

Defendants deny the allegations in paragraph 27.

28.

The allegations in paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

Defendants Alexander, Monaco and Andrew deny the allegations in paragraph 29 for lack of sufficient information to justify a belief therein. Defendant Reinoso denies the allegations in paragraph 29 as written except admits the May 26, 2014 Memorandum informed Plaintiff that the Office of Human Resource Management had determined that she had violated the Americans with Disabilities Act.

30.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 30 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 30 as written except admits he met with Plaintiff on June 12, 2014.

31.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 31 for lack of sufficient information to justify a belief therein. Defendant Andrew denies the allegations in paragraph 31 as written.

32.

Defendants deny the allegations for lack of sufficient information to justify a belief therein.

33.

Defendants deny the allegations in paragraph 33 for lack of sufficient information to justify a belief therein except Defendant Andrew admits by memorandum dated July 14, 2014, he recommended to Bell that Plaintiff be dismissed for cause.

34.

Defendants Alexander, Monaco and Reinoso deny the allegations in paragraph 34 for lack of sufficient information to justify a belief therein.

35.

Defendants deny the allegations in paragraph 35 for lack of sufficient information to justify a belief therein.

36.

Defendants deny the allegations in paragraph 36 for lack of sufficient information to justify a belief therein.

37.

Defendants deny the allegations in paragraph 37 for lack of sufficient information to justify a belief therein.

38.

Defendants admit the allegations in paragraph 38.

39.

Defendants deny the allegations in paragraph 39 for lack of sufficient information to justify a belief therein.

40.

Defendants admit the allegations in paragraph 40.

41.

Defendants admit the allegations in paragraph 41.

42.

Defendants Andrew, Monaco and Reinoso deny the allegations in paragraph 42 for lack of sufficient information to justify a belief therein. Defendant Alexander denies the allegations in paragraph 42 as written.

43.

Defendants repeat and reassert the answers to each of the foregoing allegations in the Complaint.

44.

The allegations in paragraph 44 do not require an answer.

45.

The allegations in the first sentence of paragraph 45 do not require an answer. Defendants admit the allegations of the second sentence of paragraph 45.

46.

Defendants deny the allegations in paragraph 46.

47.

Defendants deny the allegations in paragraph 47.

48.

Defendants deny the allegations in paragraph 48.

49.

The allegations in paragraph 49 state a legal conclusion and therefore, do not require an answer.

50.

Defendants Andrew, Monaco and Reinoso deny the allegations in paragraph 50 for lack of sufficient information to justify a belief therein. Defendant Alexander admits that Plaintiff's speech was cited in his explanation to recommend dismissal for cause to the Board of Supervisors.

51.

Defendants, Monaco and Reinoso deny the allegations in paragraph 51 for lack of sufficient information to justify a belief therein. Defendants Andrew and Alexander admits Plaintiff's speech was cited in his explanation to recommend dismissal for cause to the Board of Supervisors.

52.

The Defendants deny the allegations in paragraph 52.

53.

Defendants, Andrew, Alexander and Reinoso deny the allegations in paragraph 53 for lack of sufficient information to justify a belief therein. Defendant Reinoso admits he cited Plaintiff's speech as the basis for finding she violated LSU's sexual harassment policies.

54.

Defendants deny the allegations in paragraph 54.

55.

Defendants deny the allegations in paragraph 55.

56.

Defendants deny the allegations in paragraph 56.

57.

Defendants deny the allegations in paragraph 57.

58.

Defendants repeat and reassert the answers to each of the foregoing allegations in the Complaint.

59.

Defendants deny the allegations in paragraph 59.

60.

Defendants deny the allegations in paragraph 60.

61.

Defendants deny the allegations in paragraph 61 as written.

62.

Defendants deny the allegations in paragraph 62 as written.

63.

Defendants deny the allegations in paragraph 63.

64.

Defendants deny the allegations in paragraph 64.

65.

Defendants deny the allegations in paragraph 65.

66.

Defendants deny the allegations in paragraph 66.

67.

Defendants deny the allegations in paragraph 67.

68.

Defendants deny the allegations in paragraph 68.

69.

Defendants repeat and reassert the answers to each of the foregoing allegations in the Complaint.

70.

The allegations in paragraph 70 state a legal conclusion and therefore, do not require an answer.

71.

The allegations in paragraph 71 state a legal conclusion and therefore, do not require an answer.

72.

Defendants deny the allegations in paragraph 72.

73.

Defendants deny the allegations in paragraph 73.

74.

Defendants deny the allegations in paragraph 74.

75.

Defendants deny the allegations in paragraph 75.

76.

Defendants repeat and reassert the answers to each of the foregoing allegations in the Complaint.

77.

Defendants deny the allegations in paragraph 77.

78.

The allegations of paragraph 78 do not require an answer.

79.

Defendants deny the allegations in paragraph 79.

80.

Defendants deny the allegations in paragraph 80.

WHEREFORE, F. KING ALEXANDER, individually and in his official capacity as Chancellor of LSU; DAMON ANDREW, individually and in his official capacity as Dean of the College of Human Sciences and Education for LSU; A.G. MONACO, individually and in his official capacity as Associate Vice Chancellor of the Office of Human Resource Management for LSU; and GASTON REINOSO, individually and in his capacity as Director of the Office of Human Resource Management and Executive Director of Equal Employment Opportunities at LSU pray that this answer be deemed good and sufficient and after due proceedings, there be judgment in favor of defendants herein, dismissing plaintiff's complaint with prejudice at plaintiff's cost.

By Attorneys:

JEFF LANDRY
Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel via the Court's electronic filing system on this 29th day of March 2016.

By: /s/ Carlton Jones, III
Sheri M. Morris, LA Bar No. 20937
Carlton "Trey" Jones, III, LA Bar No. 275732
ROEDEL, PARSONS, KOCH, BLACHE, BALHOFF & McCOLLISTER
8440 Jefferson Highway, Suite 301
Baton Rouge, LA 70809
Phone: (225) 929-7033  Fax: (225)928-4925
Emails: SMorris@RoedelParsons.com and
CJones@RoedelParsons.com
*Special Assistant Attorneys General*

/s/ Carlton Jones, III

14