IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERESA BUCHANAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-00041-SDD-EWD |
| | ) |
| **F. KING ALEXANDER,** *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' UNDISPUTED FACTS**

1.     The Board of Supervisors for Louisiana State University and Agricultural and Mechanical College ("LSU Board of Supervisors"), established by Article 8, Section 7 of the Louisiana Constitution has the responsibility to "supervise and manage the institutions, statewide agricultural programs, and other programs administered through its system." La. Const. Art. 8, Section 7.

    Admitted and immaterial.

2.     Louisiana State University Agricultural and Mechanical College ("LSU") "located at Baton Rouge and designated as the premier flagship university of the state" is under the "supervision and management" of the LSU Board of Supervisors, La. R.S. 17:3215.

    Admitted and immaterial.

3.     F. King Alexander is and was at all times material to the allegations of the Complaint, LSU's President and Chancellor, (Doc. 1, ¶9, Doc. 14 ¶9).

    Admitted.

4.     Damon Andrew is and was at all times material to the allegations of the Complaint, Dean of the LSU College of Human Sciences & Education, (Doc. 1, ¶10, Doc. 14, ¶10).

    Admitted.

5.     A. G. Monaco is and was at all times material to the allegations of the Complaint, Associate Vice-Chancellor of the Office of Human Resource Management for LSU, (Doc. 1, ¶11, Doc. 14, ¶11).

    Admitted.

**6.    Gaston Reinoso is and was at all times material to the allegations of the Complaint, Director of the Office of the Human Resource Management and of Equal Employment Opportunities for LSU. (Doc. 1, ¶12, Doc. ¶12).**

Admitted.

**7.    Tenured LSU faculty members can only be dismissed for cause by the LSU Board of Supervisors following notice and a hearing before a faculty committee, (PS-104), (Deposition of A.G. Monaco, pp. 120-122).**

Disputed insofar as PS-104 also requires a "personal conference" with an "administrator with authority over the faculty member's unit," a "written summary of his/her findings and recommendations," the provision of "written documentation" "(1) … detailing the grounds for removal; (2) [a]ny response provided by the faculty member; (3) [d]ocumentation detailing any attempts made to correct the situation; and (4) [j]ustification for the request to dismiss for cause." Tab 12, Pl. Dep. Ex. 2, PS-104, Dismissal for Cause for Faculty at 2-3.  Following a faculty committee hearing, and the issuance of the committee's recommendation, "[t]he final recommendation for dismissal for cause or alternative action rests with the Chancellor.  *Id.* at 6. "The Chancellor will make such a recommendation based on the recommendation of the Committee of the Faculty and the evidence presented in the hearing…." *Id*.  PS-104 specifies that "[a] recommendation to dismiss the faculty member requires approval of the President of the LSU System *and* confirmation by the Board of Supervisors." *Id*. (emphasis added).

**8.    Teresa Buchanan was a tenured associate professor at LSU in the College of Education until her termination by the LSU Board of Supervisors on June 19, 2015.**

Admitted.

**9.    The membership of the board is composed of two members from each congressional district and one member from the state at large, appointed by the governor with confirmation of the Senate and a student member, La. Const. Art. 8, Section 7(B).**

Admitted and immaterial.

2

**10.    F. King Alexander, Damon Andrew, A.G. Monaco and Gaston Reinoso were not members of the LSU Board of Supervisors. (Affidavit of A.G. Monaco).**

Admitted and immaterial.

**11.    F. King Alexander had no authority to terminate a tenured faculty position, (Deposition of F. King Alexander, pp. 121-122).**

Denied.  PS-104 specifies that following a faculty committee hearing, and the issuance of the committee's recommendation, "[t]he final recommendation for dismissal for cause or alternative action rests with the Chancellor.  Tab 12, Pl. Dep. Ex. 2, PS-104, Dismissal for Cause for Faculty at 6.  "The Chancellor will make such a recommendation based on the recommendation of the Committee of the Faculty and the evidence presented in the hearing…."  *Id*.  PS-104 specifies that "[a] recommendation to dismiss the faculty member requires approval of the President of the LSU System *and* confirmation by the Board of Supervisors."  *Id*. (emphasis added).

**12.    Damon Andrew had no authority to terminate a tenured faculty position, (Deposition of A.G. Monaco, pp. 120-122).**

Denied.  As Dean of the College of Human Sciences and Education at LSU, Damon Andrew initiated PS-104 proceedings against Buchanan.  Tab 2, Andrew Tr. 224:10-225:16.  Andrew's role was set forth in PS-104, which required him to, among other things, engage in a "personal conference" with Buchanan and then provide the Provost "written documentation" "(1) … detailing the grounds for removal; (2) [a]ny response provided by the faculty member; (3) [d]ocumentation detailing any attempts made to correct the situation; and (4) [j]ustification for the request to dismiss for cause."  Tab 12, Pl. Dep. Ex. 2, PS-104, Dismissal for Cause for Faculty at 2-3.  *See also* Tab 33, Pl. Dep. Ex. 93; Tab 34, Pl. Dep. Ex. 96; Tab 35, Pl. Dep. Ex. 97; Tab 37, Pl. Dep. Ex. 100.

3

**13.**     A.G. Monaco had no authority to terminate a tenured faculty position, (Deposition of F. King Alexander, p. 120 and Exhibit 17).

Admitted.

**14.**     Gaston Reinoso had no authority to terminate or recommend termination of a tenured faculty member, (Deposition Gaston Reinoso, p. 116, ll. 3-4, p. 240, ll. 17-24, p. 294, ll. 17-25, p. 295, ll. 1-3).

Admitted.

**15.**     On June 19, 2015, Teresa Buchanan attended the meeting of the LSU Board of Supervisors held in Alexandria, Louisiana.

Admitted.

**16.**     On June 19, 2015, the LSU Board of Supervisors dismissed Teresa Buchanan. (Doc. 1, ¶41, Doc. 12, ¶41).

Admitted, based on President Alexander's recommendation, and A.G. Monaco's presentation.

**17.**     Defendants enforced LSU's policies which mirror a blueprint for campus anti-harassment policies recommended by the U.S. Departments of Education and Justice, (Doc. 1, ¶1).

Admitted.

**18.**     After numerous students and multiple school administrators had complained regarding Plaintiff's inappropriate behavior, Dean Andrew requested an investigation.

Admitted, except denied as to the vague and unspecific qualifiers "numerous" and "multiple."

**19.**     After Gaston Reinoso interviewed Plaintiff and other faculty members regarding Plaintiff's behavior, Reinoso concluded Plaintiff's behavior was in violation of LSU's policies and forwarded his findings to Dean Andrew, (Deposition of Gaston Reinoso, pp. 201-202 and Exhibit 7).

Admitted.

**20.**     Dean Andrew reviewed the HR findings with Plaintiff who did not deny the allegations, defended her actions as part of her pedagogy and indicated that she would not discontinue the unwelcomed behavior.  Dean Andrew recommended to Provost Bell that he appoint a PS-104 committee.  (Buchanan Deposition, Exhibit 8).

4

Admitted that Plaintiff defended her actions as part of her pedagogy. Denied because Buchanan disputed the allegations as presented and stated that she would alter her behavior if requested. Tab 36, Pl. Dep. Ex. 98 at 2 (complaining of "vague and indefinite charges," "question[ing] the validity of findings from the HR investigation, which centered on the complaints of a few disgruntled students and answers to leading questions of others, entirely discounting my explanation of the events."); Tab 11, Def. Dep. Ex. 3 at 2 ("I disagree with the findings of the HR investigation … because I was never told that my comments were unwelcome. Neither were my comments so offensive to a reasonable person to create an abusive environment…. My comments were taken out of context and misinterpreted. I never would offend deliberately. Had it been pointed out to me that a student was uncomfortable I would have corrected my behavior and language immediately.") ("I have no recollection of violating a student's right to confidentiality regarding her disability statues and do not think that occurred.").

DATED: April 7, 2017

Respectfully submitted,

/s/ Robert Corn-Revere
ROBERT CORN-REVERE (*pro hac vice*)
   bobcornrevere@dwt.com
RONALD G. LONDON (*pro hac vice*)
   ronnielondon@dwt.com
LISA B. ZYCHERMAN (*pro hac vice*)
   lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

/s/ Floyd J. Falcon, Jr.
FLOYD J. FALCON, JR. (Bar # 5424)
AVANT & FALCON
429 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-4462

Attorneys for Plaintiff Teresa Buchanan

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Undisputed Facts was served upon all counsel of record on the 7th day of April, 2017 via use of the Court's ECF system.

_____*/s/ Robert Corn-Revere*_____
Robert Corn-Revere